**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| WEALTHY THOMAS, ) ) Petitioner, ) ) vs. ) ) DORA B. SCHRIRO, et al., ) ) Respondents. ) ) | No. CIV 07-178-TUC-CKJ **ORDER** |

On or about April 20, 2007, Petitioner Wealthy Thomas ("Thomas") filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. Respondents have filed an Answer.

*Factual and Procedural Background*

The Court of Appeals of Arizona, viewing the facts in the light most favorable to sustaining the trial court's ruling at the suppression hearing, stated the facts as follows:

> In November 2003, Tucson Police Officer Timothy Froebe, working undercover as a potential illegal drug buyer, drove to an apartment complex to purchase crack cocaine. An unknown female later identified as a confidential informant accompanied him. When they got out of their vehicle, an unidentified male approached them and asked Froebe "what [he] was looking for." Forebe replied he wanted to purchase crack cocaine, and the unidentified male offered to "hook [Froebe] up with some product."
>
> The unidentified male led Froebe and the unknown female inside the apartment complex and spoke to a group of people. One member of this group, later identified as Thomas, subsequently approached Froebe and offered to sell him a "40," *i.e.*, $40 worth of crack cocaine. Thomas asked for the money, but Froebe insisted on first seeing the cocaine. Thomas told Froebe that he was not intending to "rip [him] off" and, aiming a revolver at Froebe's abdomen, noted that, "if he wanted to jack

> [Froebe,] he could do so." Froebe responded that he "just wanted to buy the 40," and Thomas put away his weapon, instructing his son, Wealthy Thomas, Jr., to give Froebe two rocks of crack cocaine. Thomas, Jr., complied and Froebe handed Thomas $40.
>
> As Froebe and the unknown female were leaving, Thomas tried to sell Froebe the rest of his supply of crack cocaine. Although Froebe declined, Thomas showed Froebe his vehicle, a red Chevrolet Blazer, and encouraged Froebe to find him should he later return to purchase more drugs. After noting the Blazer's license plate number, Froebe and the unknown female left the area. Immediately thereafter, Froebe contacted the Tucson Police Department (TPD) and relayed to them the license plate number of Thomas's Blazer. After less than thirty minutes, Froebe was told that TPD officers had detained Thomas pursuant to a traffic stop. Froebe drove by and, after a one-person show-up, positively identified Thomas as the person who had sold him the crack cocaine.

Answer, Ex. H, pp. 2-3. The Court of Appeals further stated:

> After a jury trial, appellant Wealthy David Thomas, Sr., was convicted of sale of a narcotic drug, aggravated assault with a deadly weapon, and possession of a deadly weapon during commission of a felony drug offense. The trial court sentenced Thomas to a combination of enhanced, concurrent and consecutive, presumptive prison terms totaling twenty-seven years. On appeal Thomas argues the trial court erred by denying 1) his motion to suppress identification, 2) his requested jury instruction, and 3) his motion for a new trial on the basis of prosecutorial and judicial misconduct. Finding no reversible error, we affirm.

Answer, Ex. H., pp. 1-2.

Thomas filed a Petition for Post-Conviction Relief claiming that his Sixth and Fourteenth Amendment rights had been violated by (1) the denial of his request for disclosure of the identity of a confidential informant or, alternatively, by the denial of his request for a *Willits* instruction and (2) the denial of his motion for a new trial based on prosecutorial and judicial misconduct. Finding that the claims were precluded, without merit, and untimely, the post-conviction court denied the Petition for Post-Conviction Relief. The Court of Appeals of Arizona denied relief, finding that Thomas' claims were precluded under Ariz.R.Crim.P. 32.2(a)(2).

On or about April 20, 2007, Thomas filed a Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. Thomas asserts that the trial court violated his Sixth and Fourteenth Amendment rights by denying his request for a new trial based on prosecutorial misconduct and judicial misconduct and by denying his motion to

disclose the identity of a confidential informant or, alternatively, by denying his request for a jury instruction pursuant to *State v. Willits*, 96 Ariz. 184, 191, 393 P.2d 274, 279 (1964). Thomas also asserts that he received ineffective assistance of counsel during the post-conviction proceedings. Respondents have filed an Answer. The Court extended the time in which Thomas was to file any Reply; however, Thomas has not filed a Reply.

*Standard of Review*

Federal courts may consider a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. *See Reed v. Farley*, 512 U.S. 339, 347, 114 S.Ct. 2291, 2296, 129 L.Ed.2d 271 (1994). Indeed, a habeas corpus petition by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). General improprieties occurring in state proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated a petitioner's Fourteenth Amendment right to due process. *See generally, Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 479, 116 L.Ed.2d 385 (1991).

This Court must review claims consistent with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "The Act limits the ability of federal courts to reexamine questions of law and mixed questions of law and fact." *Jeffries v. Wood*, 114 F.3d 1484, 1498 (9th Cir. 1997). This Court may only overturn a state court finding if a petitioner shows by clear and convincing evidence that the finding was erroneous. *See* 28 U.S.C. § 2254(e)(1). An "unreasonable application of clearly established law" exists if the state court identified the correct governing legal principle from Supreme Court decisions but

- 3 -

unreasonably applied that principle to the facts of the case. *See Taylor*.

*Statute of Limitations*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner must generally file a petition for writ of habeas corpus within one year from the date upon which his judgment became final or the expiration of time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Respondents agree that Thomas' Petition was timely filed.

*Exhaustion of State Remedies*

Before a federal court may review a petitioner's claims on the merits, a petitioner must exhaust his state remedies, i.e., have presented in state court every claim raised in the federal habeas petition. *See Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (a state prisoner in a federal habeas action must exhaust his claims in the state courts "by invoking one complete round of the State's established appellate review process" before he may submit those claims in a federal habeas petition); *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). Exhaustion of state remedies is required in order to give the "State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights . . . To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004), *internal quotation marks and citations omitted*.

In Arizona, exhaustion is satisfied if a claim is presented to the Arizona Court of Appeals. A discretionary petition for review to the Supreme Court of Arizona is not

necessary for purposes of federal exhaustion.[1] *Swoopes*, 196 F.3d at 1010; *State v. Sandon*, 161 Ariz. 157, 777 P.2d 220 (1989) (in non-capital cases, state remedies are exhausted by review by the court of appeals). A claim is "fairly presented" if the petitioner has described the operative facts and legal theories on which his claim is based. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In state court, the petitioner must describe not only the operative facts but also the asserted constitutional principle. The United States Supreme Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). A petitioner does not ordinarily "fairly present" a federal claim to a state court if that court must read beyond a petition, brief, or similar papers to find material that will alert it to the presence of a federal claim. *See e.g., Baldwin*, 541 U.S. at 33 (rejecting contention that petition fairly presented federal ineffective assistance of counsel claim because "ineffective" is a term of art in Oregon that refers only to federal law claims since petitioner failed to demonstrate that state law uses "ineffective assistance" as referring only to federal law rather than a similar state law claim); *Harless*, 459 U.S. at 6 (holding that mere presentation of facts necessary to support a federal claim, or presentation of state claim similar to federal claim, is insufficient; petitioner must "fairly present" the "substance" of the federal claim); *Hivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due

---

[1] In light of the Ninth Circuit's specific consideration in *Swoopes* of *Sandon*, Arizona's procedurals laws, and the Supreme Court's response to certified questions from the Ninth Circuit in *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998), this Court finds a discretionary petition for review to the Supreme Court is not necessary for purposes of federal exhaustion. *See also Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005).

- 5 -

process issue in state court because petitioner presented claim in state court only on state grounds), *cert. denied*, 529 U.S. 1009 (2000); *Gatlin v. Madding*, 189 F.3d 882 (9th Cir. 1999) (holding that petitioner failed to "fairly present" federal claim to state courts where he failed to identify the federal legal basis for his claim), *cert. denied*, 52 U.S. 1087.

*Procedural Default*

The Ninth Circuit Court of Appeals has explained the distinction between exhaustion and procedural default as follows:

> The exhaustion requirement is distinct from the procedural default rule. The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him. A federal claim that is defaulted in state court pursuant to an adequate and independent procedural bar may not be considered in federal court unless the petitioner demonstrates cause and prejudice for the default, or shows that a fundamental miscarriage of justice would result if the federal court refused to consider the claim.

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005), *internal quotation marks and citations omitted*. In other words, a habeas petitioner's claims may be precluded from federal review in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n. 1. This is often referred to as "technical" exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy. *See id.* at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there

are no remedies any longer 'available' to him."). If a claim is procedurally defaulted, it may not be considered by a federal court unless the petitioner demonstrates cause and prejudice to excuse the default in state court, or that a fundamental miscarriage of justice would result. *Id*. at 753; *Sawyer v. Whitley*, 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). If a claim has never been fairly presented to the state court, a federal habeas court may determine whether state remedies remain unavailable. *See Harris v. Reed*, 489 U.S. 255, 269-70, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Teague v. Lane*, 489 U.S. 288, 298-99, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

*Exhaustion and Procedural Default Analysis of Thomas' Claims*

Thomas asserts that the trial court violated his Sixth and Fourteenth Amendment rights by denying his request for a new trial based on prosecutorial misconduct. This claim was presented to the state courts. The Court finds Thomas has exhausted this claim.

Thomas asserts that the trial court violated his Sixth and Fourteenth Amendment rights by refusing to order the disclosure of the identity of a confidential informant or, alternatively, by denying his request for a *Willits* instruction. As to the claim that the trial court erred in refusing to order the disclosure, Thomas raised this issue in the post-conviction proceedings. The state courts found that this claim was precluded under Ariz.R.Crim.P. 32.2(a)(2). In other words, Thomas raised this claim in the state courts, but the state courts implicitly found that this claim was defaulted on state procedural grounds.[2] This claim is procedurally defaulted and federal habeas review of this claim is barred. *Coleman*, 501 U.S. at 729-30.

---

[2] Thomas raised this claim in conjunction with the *Willits* instruction claim in post-conviction proceedings. The finding of preclusion as to the *Willits* instruction claim necessarily includes a finding of preclusion as to his claim. Moreover, the trial court stated that "[t]he issues raised within [the Petition for Post-Conviction Relief], having been addressed and denied during trial and on appeal, are precluded." Answer, Ex. J, p. 4.

- 7 -

1  As to Thomas' claim that the trial court erred in denying his request for a *Willits* instruction, Thomas presented this claim to the state courts. In his appeal, Thomas did not present this issue as one of federal law. Therefore, Thomas did not fairly present this claim in his appeal. Moreover, habeas relief is not available for a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 875 (1984). In his post-conviction proceedings, Thomas presented this issue as arising from the Sixth and Fourteenth Amendments. However, Thomas cannot transform his state issue into a federal issue by simply framing it as a due process violation. *Poland v. Stewart*, 169 F.3d 573, 975 (9th Cir. 1990); *Hivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds), *cert. denied*, 529 U.S. 1009 (2000).

Additionally, the post-conviction court stated:

> Petitioner argues that this Court erred when it refused to include a jury instruction pursuant to [*Willits*]. Petitioner argues that there should have been a curative *Willits* instruction because the state failed to preserve the identities of the unidentified female witness who accompanied the officer to the apartment complex and the unidentified male witness who led [the] officer into the apartment complex.
>
> * * * * *
>
> However, as the Arizona Court of Appeals noted in its decision in this case, the record did not demonstrate that either the unidentified male or the unknown female had observed enough of the transaction to refute Froebe's testimony. Further, Petitioner has not explained what portions of Froebe's testimony these individuals would have refuted, and how their testimony would have been helpful to his defense.
> Thus, Petitioner did not sustain his burden of showing that the witnesses' testimony would have been material or exculpatory. Therefore, it was not error for the court to refuse to give a *Willits* instruction. In addition, this claim, having been raised in Petitioner's direct appeal, is precluded.
>
> * * * * *
>
> * * * * *
>
> This Petitioner is untimely. The issues raised within it, having been addressed and denied during trial and on appeal, are precluded. . . .

Answer, Ex. J., pp. 2-4. Additionally, the Court of Appeals stated:

> We review a trial court's ruling on a petition for post-conviction relief only for an abuse of the court's discretion, *State v. Watton*, 164 Ariz. 323, 325m 793 P.2d 80, 82

- 8 -

> (1990), and we find no abuse here. Counsel's acknowledgment of the obvious – that the issues raised in Thomas's petition below were previously raised on appeal – brings those issues squarely within Rule 32.2(a)(2). It provides: "A defendant shall be precluded from relief under this rule based upon any ground: . . . (2) [f]inally adjudicated on the merits on appeal . . . ." *Id*.
>
> Having raised these very issues on appeal, Thomas was precluded from raising them again in a petition for post-conviction relief. Consequently, the trial court did not abuse its discretion in denying relief. We grant the petition for review but likewise deny relief.

Answer, Ex. L, pp. 2-3. The state courts found that this claim was precluded under Ariz.R.Crim.P. 32.2(a)(2). In other words, although Thomas raised this claim in the state courts, the state courts found that this claim was defaulted on state procedural grounds. This claim is procedurally defaulted and federal habeas review of this claim is barred. *Coleman*, 501 U.S. at 729-30.

Thomas asserts that he received ineffective assistance of counsel during the Rule 32 post-conviction proceedings. Thomas did not present this issue to the state courts. Moreover, there is no Sixth Amendment right to counsel in state collateral proceedings. *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993) ("the protections of the Sixth Amendment right to counsel do not extend either to state collateral proceedings or federal habeas corpus proceedings"); *see also* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Federal habeas relief on this claim is barred.

Thomas asserts that his Sixth and Fourteenth Amendment rights were violated by the denial of his motion for new trial based on judicial misconduct. In his appeal, Thomas asserted this claim on state law grounds, but did not present this issue as one of federal law. Therefore, Thomas did not fairly present this claim in his appeal. Moreover, habeas relief is not available for a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 875 (1984). In his post-conviction proceedings, Thomas presented this issue as arising from the Sixth and Fourteenth Amendments. However, the post-conviction court

1  stated:

> Finally, Petitioner claims that his rights to due process under the Arizona and United States Constitutions were violated when he was not granted a new judge on the basis of judicial misconduct. Petitioner claims that this Court received prejudicial *ex parte* communications relating to Petitioner at the change of plea proceeding for Thomas, Jr. Petitioner claims that the presiding judge denied his motion for a new trial on this basis as untimely.
>
> However, this Court denied the motion, not only on the grounds that it was untimely, but also on the grounds that the motion presented no evidence of bias or partiality by the Court. The Court of Appeals also addressed this issue, indicating that in his appeal, Petitioner had failed to present adequate arguments to challenge this ruling. Thus, this claim has already been raised and denied on two occasions, and is thus precluded.
>
> This Petition is untimely. The issues raised within it, having been addressed and denied during trial and on appeal, are precluded.

Answer, Ex. J., p. 4. Additionally, the Court of Appeals stated:

> We review a trial court's ruling on a petition for post-conviction relief only for an abuse of the court's discretion, *State v. Watton*, 164 Ariz. 323, 325m 793 P.2d 80, 82 (1990), and we find no abuse here. Counsel's acknowledgment of the obvious – that the issues raised in Thomas's petition below were previously raised on appeal – brings those issues squarely within Rule 32.2(a)(2). It provides: "A defendant shall be precluded from relief under this rule based upon any ground: . . . (2) [f]inally adjudicated on the merits on appeal . . . ." *Id.*
>
> Having raised these very issues on appeal, Thomas was precluded from raising them again in a petition for post-conviction relief. Consequently, the trial court did not abuse its discretion in denying relief. We grant the petition for review but likewise deny relief.

Answer, Ex. L, pp. 2-3. The state courts found that this claim was precluded under Ariz.R.Crim.P. 32.2(a)(2). In other words, although Thomas raised this claim in the state courts, the state courts found that this claim was defaulted on state procedural grounds. This claim is procedurally defaulted and federal habeas review of this claim is barred. *Coleman*, 501 U.S. at 729-30.


*Prosecutorial Misconduct*

Thomas asserts that the trial court violated his Sixth and Fourteenth Amendment rights by denying his request for a new trial based on prosecutorial misconduct. As to this claim, the Court of Appeals of Arizona stated:

- 10 -

Thomas next argues that the court erred in denying his motion for new trial on the basis of prosecutorial misconduct. We review a trial court's denial of a motion for new trial for an abuse of discretion. *State v. Spears*, 184 Ariz. 277, 287, 908 P.2d 1062, 1072 (1996).

Prior to Thomas's trial, his son, Thomas, Jr., pled guilty to attempted sale of a narcotic drug and possession of a deadly weapon by a prohibited possessor. As his change-of-plea hearing, the prosecutor explained her decision to offer the plea agreement to Thomas, Jr., noting:

> I would in the plea and in the factual basis for [Thomas, Jr.,] to admit to the fact that his father was present. I don't want him to say his father did anything or didn't do anything. And I don't want him to inculpate his father in any more fashion than that. I do not intend to call Mr. Thomas, Jr., as a witness. . . . I'm only doing this so Mr. Thomas, Sr., is unable to call his son to give him either an alibi or provide exculpatory evidence.

Nevertheless, Thomas said he wanted to call his son as a defense witness. Thomas, Jr., initially took the stand to claim his Fifth Amendment right against self-incrimination, but once he took the stand, he said he wanted to testify. After the court questioned him, the court found Thomas, Jr., was indecisive about whether he wanted to testify. The court decided to list him as a prospective witness and wait to see if he would invoke his Fifth Amendment right when called by the defense. Shortly thereafter, the following colloquy occurred:

> [The Prosecutor]: . . . I'd like to go back and do some research. One is – there is a case called David Camp – I don't have the cite. I think it's Carson – that may allow me to withdraw from his plea if he gives perjured testimony. I want to confirm that. I just came across a little bit of history or update on the case. I want to talk about the research opportunity.
>
> THE COURT: I'd be surprised on that. He's already been sentenced.
>
> [The Prosecutor]: I would be, too. That's why it caught my eye when I saw the e-mail, when we were talking about it, I'll c[o]me back tomorrow when – before I do the interview, I'd obviously like to do the research. I can probably do the interview tomorrow after we have done – completed the trial for the day.

At that point, Thomas objected, arguing that the state was engaging in misconduct by leading Thomas, Jr., to believe that he might lose his plea bargain if he chose to testify.

After the court recessed the hearing, the prosecutor researched whether she could withdraw from the plea agreement. The prosecutor subsequently informed Thomas, Jr.'s, counsel that she had been incorrect in her belief that the state could withdraw from the plea agreement if Thomas, Jr., were to testify, and Thomas, Jr.'s counsel informed him of this before the defense called him to testify, a fact he acknowledged to the court. Nevertheless, despite this knowledge, Thomas, Jr., said he wanted to invoke his Fifth Amendment right against self-incrimination on the ground that his statements at trial might contradict those he made under oath in another proceeding, which would expose him to perjury charges. The court determined that the Fifth Amendment does not protect a person from future criminal charges such as perjury

- 11 -

> and, thus, that Thomas, Jr., could not invoke the right. Thomas then renewed his request for a mistrial on the basis of prosecutorial misconduct. The court found that Thomas, Jr., had known his legal rights before trial and implicitly denied Thomas's motion. Thomas, Jr., testified for the defense and said his father had not participated in the drug transaction with Officer Froebe. He said that an unidentified black male, not Thomas, had pointed a handgun at Froebe. However, he refused to name the person who had been involved in the transaction.
>
> Thomas argues that, in his interview with the defense investigator, Thomas, Jr., had named Barnard Johnson as the person who had been with him during the drug transaction. Thomas then asserts that, after the prosecutor announced the state could withdraw from Thomas, Jr.'s plea agreement if he perjured himself, Thomas, Jr., had changed his testimony and refused to name the individual who had helped with the transaction. As a result, Thomas argues that the prosecutor's tactics had resulted in Thomas, Jr.'s altering his testimony, which had prejudiced Thomas by violating his right to a fair trial, his right to present a defense, and his right to compulsory process.
>
> Rule 24.1(C)(2), Ariz.R.Crim.P., 17 A.R.S., provides that a defendant may move for a new trial when "the prosecutor has been guilty of misconduct." In *United States v. Vavages*, 151 F.3d 1185, 1191 (9th Cir. 1998), the court held that a prosecutor's threat, made directly to a defense witness, to withdraw from a defense witness's plea agreement if the witness perjured himself at trial, had constituted witness intimidation and amount to improper conduct. *See also Webb v. Texas*, 409 U.S. 95, 97-98, 93 S.Ct. 361, 353, 34 L.Ed.2d 330, 333 (1972) (judge's threatening remarks to sole defense witness that he would be prosecuted and convicted if he committed perjury had caused witness to refuse to testify and denied defendant due process). Nevertheless, a "prosecutor . . . [is] justified in contacting [the defense witness's] counsel, cautioning him against his client's testifying falsely, and informing him of the possible consequences of perjurious testimony." *Vavages*, 151 F.3d at 1190. Furthermore, such misconduct only occurs when a prosecutor uses his or her influence to unjustly and successfully thwart a defense witness from testifying. *State v. Jones*, 197 Ariz. 290, ¶ 21, 4 P.3d 345, 356-57 (2000).
>
> In this case, the prosecutor did not contact Thomas, Jr., directly or make personal threats to him about withdrawing from his plea agreement should he falsely testify. Rather, she raised in open court her analysis relating to Thomas, Jr.'s likely testimony. *Compare Vavages*, 151 F.3d at 1190. And, before he began his testimony, the court made sure Thomas, Jr., was aware that the prosecutor's initial analysis was incorrect and that the state did not have the legal right to withdraw from his plea agreement. Accordingly, the court did not abuse its discretion by denying Thomas's motion for a new trial based on prosecutorial misconduct.

Answer, Ex. H., pp. 7-11. Such an inquiry is extremely fact specific and the state courts appropriately considered the manner in which the issue is raised (in open court, contact between prosecutor and witness' counsel) and the language of the warnings (no direct or personal threats). *See Vavages*, 151 F.3d at 1190. This Court does not find the state courts' determination to be objectively unreasonable. 28 U.S.C. § 2254(d); *Bell v. Cone*, 535 U.S. 685, 698-99, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002) (habeas court is not to make its

- 12 -

own independent judgment, but is to determine whether state court applied federal authority in an objectively unreasonable manner).

*Cause and Prejudice Analysis*

As for Thomas' procedurally defaulted claims, federal habeas review is barred unless Thomas demonstrates "cause for the default and prejudice attributable thereto, or demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 749-750 (citations omitted; internal quotation marks omitted); *Correll v. Stewart*, 137 F.3d 1404, 1411 (9th Cir. 1998), *citing Keeney v. Tamayo-Reyes*, 504 U.S. 1, 11, 112 S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992) (generally, if a petitioner "has failed to develop material facts in state court proceedings, he or she must demonstrate adequate cause for his or her failure and actual prejudice resulting from that failure). Cause is defined as a "legitimate excuse for the default," and prejudice is defined as "actual harm resulting from the alleged constitutional violation." *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991) (citation omitted); *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (a showing of cause requires a petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in state court). Prejudice need not be addressed if a petitioner fails to show cause. *Murray*. To bring himself within the narrow class of cases that implicate a fundamental miscarriage of justice, a petitioner "must come forward with sufficient proof of his actual innocence[.]" *Sistrunk v. Armenakis*, 292 F.3d 669, 672-73 (9th Cir. 2002), *citations omitted*. "Actual innocence can be shown when a petitioner 'presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Sistrunk*, 292 F.3d at 673, *quoting Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Thomas has failed to show (1) cause – any impediments preventing Thomas from complying with Arizona's procedural rules, *Murray*, 477 U.S. at 488; (2) prejudice – any

- 13 -

constitutional violation so basic as to infect Thomas' entire trial with error, *United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982), or (3) fundamental miscarriage of justice that no reasonable juror could find him guilty, *Schlup*, 513 U.S. at 327. Thomas' procedural default cannot be excused.

Accordingly, IT IS ORDERED:

1. Thomas' Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DENIED;

2. This matter is DISMISSED with prejudice, and;

3. The Clerk of the Court shall enter judgment and shall then close its file in this matter.

DATED this 19th day of March, 2009.

_____
Cindy K. Jorgenson
United States District Judge